IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JACOB WAYNE LEMING**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:20-cv-173-KS-MTP**

**UNITED STATES OF AMERICA and**
**FORREST COUNTY JAIL**                                                 **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this action and failure to comply with the Court's orders. On May 11, 2020, Plaintiff filed this action in the United States Court of Federal Claims. Plaintiff alleges that while he was detained at the Forrest County Jail in Hattiesburg, Mississippi, Officer Christopher Fairley sexually assaulted him. Plaintiff does not name Fairley as a defendant, but names the United States and Forrest County Jail as defendants.

On September 9, 2020, the Court of Federal Claims determined that it did not have jurisdiction over Plaintiff's claims because he has not alleged any involvement by the United States. *See* Order [16]. The court noted that Plaintiff may be able to bring his claims under 42 U.S.C. § 1983 and transferred the action to this Court, as the Forrest County Jail is located in the Southern District of Mississippi. *Id*.

In addition to the United States, Plaintiff names Forrest County Jail as a defendant. A jail, however, is not a legal entity capable of being sued and is not a proper defendant in a lawsuit under 42 U.S.C. § 1983. *See Miley v. Jones Cty. Jail*, 2007 WL 2159334, at *8 (S.D. Miss. July 25, 2007); *Johnson v. Lance*, 2019 WL 1271043, at *2 (N.D. Miss. Jan. 23, 2019).

Accordingly, on June 14, 2021, the Court entered an Order to Show Cause [22], requiring Plaintiff to file a written response by no later than June 28, 2021, explaining why this action should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff did not file a written response as ordered.[1] In fact, Plaintiff has not filed anything of record, or otherwise contacted the Court, since October 19, 2020.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligation to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

---

[1] The Clerk of Court attempted to mail the Order [22] to Plaintiff at his address of record at the East Mississippi Correctional Facility in Meridian, Mississippi, but the mail was returned as undeliverable. *See* Mail Return [24]. The returned mail indicates that Plaintiff was paroled from prison. Plaintiff has a duty to advise the Court of his current address. The Court previously informed Plaintiff that his failure to advise the Court of his current address will be deemed a purposeful delay and contumacious act by the Plaintiff and may result in this case being dismissed. *See* Orders [18] [19].

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

SO ORDERED this the 6th day of July, 2021.

                 s/Michael T. Parker
                 UNITED STATES MAGISTRATE JUDGE